```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**AMERICAN HONDA FINANCE CORPORATION**               PLAINTIFF/
                                                COUNTER-DEFENDANT

VS.                             CIVIL ACTION NO. 3:03CV651-WHB-JCS

**JOHN RICKY SALYER, ERIC K. BOYD,**
**DANNY T. BERRY, DANNY BERRY CHEVROLET**
**OLDSMOBILE BUICK PONTIAC GMC TRUCK, INC.,**
**SALYER SYSTEMS, INC., SIMPLEX AUTO GROUP,**
**INC., AND JOHN DOES 1 - 10**                          DEFENDANTS/
                                                  COUNTER-CLAIMANTS/
                                               THIRD-PARTY PLAINTIFFS

VS.

**WILLIAM S. CROZIER, AUDREY JEAN, INC.,**
**AND CROZIER ENTERPRISES, LLC**              THIRD-PARTY DEFENDANTS

                       <u>OPINION AND ORDER</u>

   This cause is before the Court on the following Motions:

1) Defendant Boyd's Motion to Strike Plaintiff's Supplemental Expert Designation Report (filed February 13, 2006, under docket entry no. 179); and

2) Defendants' Motion to Strike Plaintiffs' Second Supplemental Expert Designation and Report (filed March 13, 2006, under docket entry no. 192).

Having considered the Motions and Responses, the Court finds that both Motions should be denied.

   Defendants seek to strike Plaintiff's Supplemental Expert Designation and Second Supplemental Expert Designation as untimely

and insufficient.  The Court notes that Plaintiff's original Expert Designation was timely filed on September 7, 2004.

Plaintiff's Supplemental Expert Designation and Second Supplemental Expert Designation were filed to account for discovery information that was purportedly served on Plaintiffs by Defendants in an untimely manner.  As the Court has admonished Defendants in this case in the past, "[t]he Court is not impressed with the lax manner in which Defendants have proceeded with the prosecution of this case." See April 11, 2005, Order, p. 1.  The Court finds that Plaintiff's late Expert Designations were, at least in part, related to dilatory actions of the Defendants.  Accordingly, the subject Motions must be denied.

Further, the Supplemental Expert Designations essentially bolster the original expert opinions, as opposed to stating new methodology for determining the underlying opinions.  Under these facts, the Court finds that supplementation of the expert opinions will not prejudice Defendants. See Victory Lane Productions, LLC v. Paul, Hastings, Janofsky & Walker, LLP, No. Civ. A. 3:04cv819, 2006 WL 83501 at *4 (S.D. Miss. Jan. 12, 2006).  However, in the interest of protecting Defendants' rights in this case, Defendants will be allowed until **Wednesday, April 12, 2006**, to conduct an additional deposition of Plaintiff's expert witness.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant Boyd's Motion to Strike Plaintiff's Supplemental Expert Designation Report (docket entry no. 179) is hereby denied.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiffs' Second Supplemental Expert Designation and Report (docket entry no. 192) is hereby denied.

IT IS FURTHER ORDERED that Defendants are allowed until **Wednesday, April 12, 2006**, to conduct an additional deposition of Plaintiff's expert witness.

SO ORDERED this the 31st day of March, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct