IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


AMERICAN HONDA FINANCE CORPORATION                    PLAINTIFF/
                                               COUNTER-DEFENDANT

VS.                              CIVIL ACTION NO. 3:03CV651-WHB-JCS

JOHN RICKY SALYER, ERIC K. BOYD,
DANNY T. BERRY, DANNY BERRY CHEVROLET
OLDSMOBILE BUICK PONTIAC GMC TRUCK, INC.,
SALYER SYSTEMS, INC., SIMPLEX AUTO GROUP,
INC., AND JOHN DOES 1 - 10                          DEFENDANTS/
                                               COUNTER-CLAIMANTS/
                                             THIRD-PARTY PLAINTIFFS


VS.

WILLIAM S. CROZIER, AUDREY JEAN, INC.,
AND CROZIER ENTERPRISES, LLC           THIRD-PARTY DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the following Motions:

1)    the Separate Motion of Defendant Eric K. Boyd to Dismiss for

      Failure to State a Claim Upon Which Relief May be Granted or

      in the Alternative for Summary Judgment;

2)    Defendants/Counter-Claimants' Motion for Summary Judgment, or,

      Alternatively, for Partial Summary Judgment; and

3)    Defendants/Counter-Claimants' Request for Entry of Summary

      Judgment Pursuant to F.R.C.P. 56(e) for Plaintiff's Failure to

      Respond.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds:

1)   the Separate Motion of Defendant Eric K. Boyd to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or in the Alternative for Summary Judgment is well taken in part and should be granted in part, and the Motion is not well taken in part and should be denied in part;

2)   Defendants/Counter-Claimants' Motion for Summary Judgment, or, Alternatively, for Partial Summary Judgment is well taken in part and should be granted in part, and the Motion is not well taken in part and should be denied in part; and

3)   Defendants/Counter-Claimants' Request for Entry of Summary Judgment Pursuant to F.R.C.P. 56(e) for Plaintiff's Failure to Respond is not well taken and should be denied.

### I.  Factual Background and Procedural History[1]

This cause of action arises out of the failure of Honda of Brookhaven, an automobile dealership located in Brookhaven, Mississippi.  The business aspect of Honda of Brookhaven was owned by Third-Party Defendant Audrey Jean, Inc. (hereinafter "Audrey Jean"), and the real property occupied by the dealership was owned

---

[1]This section of the Opinion provides an outline of facts pertaining to this case.  Facts specific to the claims and defenses of the parties are presented in the Analysis section of the Opinion.

by Third-Party Defendant Crozier Enterprises, LLC (hereinafter "Crozier Enterprises"). Third-Party Defendant William Scott Crozier (hereinafter "Crozier") owned a majority interest in both Audrey Jean and Crozier Enterprises.

At some time in August of 1997, Honda of Brookhaven began operation, by virtue of a Selling Agreement entered into by Audrey Jean and American Honda Motors Co., Inc. (hereinafter "Honda Motors"). Honda of Brookhaven financed its auto inventory, at least in part, through a floor plan financing agreement with Plaintiff American Honda Finance Corporation (hereinafter "Honda Finance").[2] The floor plan agreement, entitled Wholesale Finance Agreement (hereinafter "Finance Agreement"), was executed on August 14, 1997. See Finance Agreement, attached as Exhibit "A" to Complaint.

Audrey Jean operated Honda of Brookhaven until early to mid-2000. During year 2000, serious financial problems suffered by the dealership became apparent. The dealership was purportedly out of trust on the Finance Agreement by approximately $1.4 million. In an attempt to escape the failing business, Crozier began

---

[2]Under a floor plan financing agreement, a dealership receives advances from the financier to fund the purchase of inventory. The inventory stands as collateral. When an item of the financed inventory is sold, the dealership pays the financier the pro rata portion of the principal which is attributed to the sold product. If a dealership fails to pay the pro rata portion of principal when an item of financed inventory is sold, the dealership is said to be "out of trust" in the principal amount owed.

negotiation of a sellout to Defendant John Ricky Salyer.  Although Salyer was apparently the front man in the negotiations with Crozier, the Court is under the impression that the proposed buyers were Salyer, Defendant Eric K. Boyd and Defendant Danny T. Berry, acting in concert as Salyer Buyer/Promoter Group.

On July 17, 2000, Crozier and Salyer negotiated an agreement whereby Salyer would assume management of Honda of Brookhaven, in contemplation of an eventual buyout of the dealership.  Thereafter, on July 25, 2000, a contract entitled Management Agreement was executed between Audrey Jean, Inc. d/b/a Honda of Brookhaven and John R. Salyer.  See Management Agreement, attached as Exhibit "B" to Complaint.  The Management Agreement provided, *inter alia*, that Salyer would purchase the issued stock in Audrey Jean, Inc. "subject to the approval of Honda Motors." Id. at 1.  The terms of the Management Agreement took effect July 17, 2000.

Crozier and Salyer met with representatives of Honda Finance on July 26, 2000.  Salyer presented his plan to purchase Honda of Brookhaven to Honda Finance and requested the extension of new floor plan credit, notwithstanding the $1.4 million out of trust status of the Finance Agreement with Audrey Jean.  Honda Finance agreed to the credit extension and began advancing funds to Salyer, Berry and Boyd for the continued operation of Honda of Brookhaven.

The foregoing involved negotiations for the sale of the "business" aspect of Honda of Brookhaven.  Another contract titled

4

Asset Purchase and Sale Agreement (hereinafter "Asset Purchase Agreement") was executed between Audrey Jean, Inc., d/b/a Honda of Brookhaven and Crozier Enterprises, LLC as sellers, and Salyer, Berry and Boyd as buyers.[3] See Asset Purchase Agreement, attached as Exhibit "C" to Complaint.   The Asset Purchase Agreement pertained to the sale of real and personal property used in the operation of Honda of Brookhaven. Id.  The Asset Purchase Agreement provided, *inter alia*, that "[t]he closing of the Purchase and Sale herein contemplated is conditioned on the approval by Honda Motors Corporation of a new Selling Agreement with the Buyers." Id. at p. 2, ¶ 3.

No new Selling Agreement was ever reached with Honda Motors. Therefore, the Asset Purchase Agreement was never consummated. Also, for reasons that are disputed by the parties, Salyer, Berry and Boyd abandoned their business involvement in Honda of Brookhaven on or about November 12, 2000.  However, before abandoning operation of the dealership, Defendants allegedly generated $740,000 of additional debt under the existing Financing Agreement.

After Defendants ceased managing Honda of Brookhaven, Audrey Jean, through Crozier, again assumed operations of the business.

---

[3]The Asset Purchase and Sale Agreement was signed by Crozier on behalf of Audrey Jean, Inc., d/b/a Honda of Brookhaven and Crozier Enterprises, LLC on August 8, 2000.  Salyer, Berry and Boyd signed the Asset Purchase and Sale Agreement on August 7, 2000.

Finally, Audrey Jean filed a Chapter 7 Petition in Bankruptcy on October 22, 2002.

Aggrieved by the failure of Salyer, Berry and Boyd to continue operation of Honda of Brookhaven, as well as other alleged wrongful conduct, Honda Finance filed the subject suit in this Court on May 9, 2003. The claims in the Complaint are: count one, breach of contract against Salyer, Berry and Boyd; count two, conversion against Salyer, Berry, Boyd, Danny Berry Chevrolet Oldsmobile Buick Pontiac GMC Truck, Inc. (hereinafter "Berry Chevrolet"), Salyer Systems, Inc. (hereinafter "Salyer Systems") and Simplex Auto Group, Inc. (hereinafter "Simplex");[4] count three, fraudulent misrepresentation and suppression and/or omission of facts against Salyer, Berry and Boyd; count four, negligent misrepresentation and/or omission of facts against Salyer, Berry and Boyd; count five, breach of fiduciary duty against Salyer, Berry and Boyd; count six, negligence against Salyer, Berry and Boyd; count seven, civil conspiracy against Salyer, Berry, Boyd, Berry Chevrolet, Salyer Systems and Simplex; count eight, equitable accounting against Salyer, Berry, Boyd, Berry Chevrolet, Salyer Systems and Simplex. Honda Finance seeks an unspecified amount of both compensatory and punitive damages.

---

[4]Berry Chevrolet, Salyer Systems and Simplex are business entities owned by Defendants Salyer and Berry. Salyer and Berry allegedly funneled funds or other assets from Honda of Brookhaven to these businesses during their brief tenure of managing Honda of Brookhaven.

Honda Finance asserts that it has standing to bring this suit because it "is in privity of contract with Mr. Salyer, Mr. Berry and Mr. Boyd...." Complaint, p. 12, ¶ 31.   Honda Finance claims that it is in privity of contract with these three Defendants "[1] under the Management Agreement, [2 under] the Asset Purchase and Sale Agreement, [3] by virtue of its standing as a third-party beneficiary to those contracts, and [4] by virtue of the assignment of the rights under these agreements to [Honda Finance] by Mr. Crozier, and Audrey Jean, Inc." Id.

Contending that they were fraudulently duped into agreeing to buy the failing auto dealership and related real and personal property, on June 24, 2003, Salyer, Berry and Boyd filed Counter-Claims against Honda Finance, and filed Third-Party Claims against Crozier, Audrey Jean and Crozier Enterprises.   The claims in the three practically identical Counter-Claims are:  negligent misrepresentation; intentional misrepresentation; fraud; and gross negligence in its oversight of its floor plan financing agreement with Crozier.   Each Counter-Claimant seeks $500,000 in actual damages and an unspecified amount of punitive damages.

The three Third-Party Complaints are also practically identical in content.   The claims in each Third-Party Complaint are: conspiracy; fraud; fraudulent concealment; breach of the duty of good faith and fair dealing; and tortious breach of contract.

Again, each Third-Party Complainant seeks $500,000 in actual damages and an unspecified amount of punitive damages.

Boyd filed his Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or in the Alternative for Summary Judgment on February 13, 2006.  Defendants Salyer, Berry, Berry Chevrolet, Salyer Systems and Simplex also filed their Motion for Summary Judgment on February 13, 2006.  Both of these Motions are now ripe for consideration.

### III.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  <u>Id.</u>  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  <u>Id.</u> at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

## III.  Analysis

9

**A.   Separate Motion of Defendant Eric K. Boyd to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or in the Alternative for Summary Judgment**

Because evidence outside of the pleadings was attached to Boyd's Motion, it must be considered under the standards of a motion for summary judgment. See, Fed. R. Civ. P. 12(b)(6) (stating that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

Defendant Boyd is a Certified Public Accountant in the Brookhaven area.  He was purportedly "offered a ten-percent interest in [Honda of Brookhaven] for his accounting help in performing due diligence on the purchase of [the] Honda dealership." Memorandum in Support of Boyd's Motion for Summary Judgment, p. 1.  Boyd allegedly began assisting Salyer in oversight of the accounting function of Honda of Brookhaven on July 17, 2000.

Boyd argues that all claims against him must be dismissed because Honda Finance lacks standing to assert the claims.  Honda Finance contends that it is the real party in interest in this suit because Audrey Jean assigned its rights in the subject claims to it.

10

Supporting its position, Honda Finance points to three documents. First is a settlement proposal letter from Craig Geno, counsel for Crozier and Audrey Jean, to E. E. Laird, counsel for Honda Finance, which states in part:

> ... the proposal of Audrey Jean, Inc. and Mr. Crozier is as follows:
> (1) Audrey Jean, Inc. (and Mr. Crozier, to the extent necessary) agrees to assign all of its right, title and interest in and to any and all claims which it may have now, or that it may have in the future, against Ricky Salyer, and others[.]

Letter from Geno to Laird, attached as an unnumbered Exhibit to Motion for Summary Judgment (docket entry no. 186).

Next is a form titled Statement of Financial Affairs which was included as part of the bankruptcy filing of Audrey Jean. Item six on this form states that in April of 2002, Honda Finance was assigned a cause of action for debt forgiveness. Statement of Financial Affairs, attached as an unnumbered Exhibit to Motion for Summary Judgment (docket entry no. 186).

Finally, Honda Finance relies on an Assignment dated April 19, 2003. The Assignment states:

> FOR AND IN CONSIDERATION of the sum of Ten and No/100 Dollars ($10.00) and other good and valuable consideration, the sufficiency of all which is hereby acknowledged, the undersigned WILLIAM S. CROZIER and AUDREY JEAN, INC. D/B/A HONDA OF BROOKHAVEN, a Mississippi corporation, (each an Assignor), hereby assigns and conveys unto AMERICAN HONDA FINANCE CORPORATION, a California corporation (Assignee), its successors and assigns, all of their rights in, to and under that certain Management Agreement entered into by and between John R. Salyer and William Crozier and Audrey Jean, Inc. d/b/a Honda of Brookhaven on or about July 25,

2000, a copy of which is attached hereto as Exhibit "A"; that certain Asset Purchase and Sale Agreement entered into by and between Audrey Jean, In. [sic] d/b/a Honda of Brookhaven and John R. Salyer, Danny T. Berry, and Eric Boyd on or about August 8, 2000, a copy of which is attached as Exhibit "B"; and all rights, claims, demands, and causes of action, whether in law or in equity or otherwise, which they may have against John R. Salyer, Danny T. Berry, Eric Boyd, and/or any other party arising out of said Agreements or the management or operational control of the Assignor's automobile dealership business in Brookhaven, Mississippi after July 16, 2000, to prosecute the same in its own name or, at the election of the Assignee, in the name of the Assignors.

Assignment, attached as Exhibit "E" to Motion for Summary Judgment (docket entry no. 186).

Boyd asserts an argument that may have been well taken if it had been made in a timely manner.   Under § 11-7-3 of the Mississippi Code, argues Boyd, an assignment of a chose in action must be _in writing_ to be valid.  <u>See</u> § 11-7-3 (stating that "[t]he assignee of any chose in action may sue for and recover on the same in his own name, _if the assignment be in writing_." (emphasis added)).   Boyd continues by arguing that no valid assignment of rights exists in this case because: (1) the letter from Geno to Laird was never signed as accepted by the parties; and (2) the written assignment dated April 19, 2003, is void because it was executed _after_ the bankruptcy filing of Audrey Jean on October 22, 2002.   In conclusion, Boyd asserts that this leaves only an oral pre-bankruptcy assignment of rights which is unenforceable under § 11-7-3.

To summarize, Boyd's argument is that Honda Finance lacks standing to bring this suit because it is not the real party in interest.  The real party in interest issue is governed by Rule 17(a) of the Federal Rules of Civil Procedure, which states:

> Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Combining the provisions of § 11-7-3 and Rule 17(a), Boyd has asserted a good argument that Honda Finance is _not_ in fact and law the real party in interest in this case.  However, the Court need not definitively pass judgment on the merits of the argument in this case because it was not timely asserted.  The issue of timeliness of a standing objection was addressed by the United States Court of Appeals for the Fifth Circuit in <u>Rogers v. Samedan Oil Corporation</u>, 308 F.3d 477 (5th Cir. 2002).  The <u>Rogers</u> court held:

> Consistent with this language requiring an opportunity for joinder of the real parties in interest, _the defense is waived when it is not timely asserted_. <u>Gogolin &</u>

13

Stelter v. Karn's Auto Imports, 886 F.2d 100 [(5th Cir. 1989)]. The objection must be raised when joinder is practical and convenient. Id. at 102. "The earlier the defense is raised, the more likely that the high cost of trial preparation for both parties can be avoided if a real party in interest question is determined adversely to a plaintiff." Id. Thus, the goal of judicial efficiency is furthered.

Id. at 483-84 (emphasis added).

The holdings in Gogolin & Stelter v. Karn's Auto Imports, 886 F.2d 100 (5th Cir. 1989), which was cited in Rogers, provides further guidance on the issue.

[I]t also anticipated that real party in interest disputes should arise rarely and ought to be easily resolved. Such disputes are likely to be evident to a defendant at the onset of suit, because he almost always knows whether he has been sued by the party who "owns" the claim.
                    * * * * *
It is thus contemplated that if a defendant objects to being sued by a party who does not have the right to pursue the claim in issue, the real party in interest will be able to step forward and assume the plaintiff's role. Moreover, the allowance of a reasonable time for joinder by the real party in interest necessarily suggests that objection will be raised when such joinder is practical and convenient. The earlier the defense is raised, the more likely that the high cost of trial preparation for both parties can be avoided if a real party in interest question is determined adversely to a plaintiff.

Id. at 102.

Based on the holdings in Rogers and Gogolin, the standing issue should be raised early in a litigation in order to facilitate efficient litigation.  If the defense is not timely asserted, it is waived.  Unfortunately, case law does not specifically define what constitutes a "timely" filed motion attacking standing.  The Court

14

must therefore consider the timing of Boyd's Motion in the overall context of the history of this case.

The subject case was filed on May 9, 2003.  The initial trial setting was during the trial calendar beginning April 4, 2005.  The trial was continued to the trial calendar beginning July 5, 2005.  The trial was again continued to the trial calendar beginning December 5, 2005.  The trial was finally continued to the trial calendar beginning April 24, 2006.  Boyd did not raise the standing issue until the subject Motion was filed on February 13, 2006, about two and one-half months before the fourth and final trial setting for this cause, and about two years and nine months after the case was filed.  The Court also notes that one-hundred and eighty-two pleadings were filed in this case before the standing issue was raised by Defendants, and currently two-hundred and eight pleadings have been filed.  The point of these factual recitations is that this case is on the eve of trial and the case has been a costly endeavor for all parties.

As the parties have been cautioned in at least two prior Opinions rendered by the undersigned in this case, the Court is not impressed with the unorganized manner in which this case has been prosecuted.  No further delays in this trial will be allowed.  Without the need for detailed further analysis, the Court finds that the lack of standing defense was not raised in a timely manner by Boyd, thus it was and is waived.

Boyd's arguments pertaining to dismissal of count one, breach of contract, and count two, conversion, are based on the theory that Honda Finance has no standing to bring the subject claims.  As the Court found above, Honda Finance does have such standing.  Accordingly, summary judgment must be denied with regard to counts one and two against Boyd.

Next considered are counts three and four of the Complaint.  These claims are for fraud and negligent misrepresentation, respectively.   As Boyd correctly points out, all alleged misrepresentations in this case were made by Salyer.  Honda Finance has pointed to no fraud and/or misrepresentation on the part of Boyd.  The Court therefore finds that counts three and four against Boyd must be dismissed.

Boyd asserts that count five, breach of fiduciary duty, must be dismissed because no fiduciary obligations existed between Boyd and Honda Finance.  However, based on the evidence before the Court, it is uncertain whether Boyd had an agency relationship of sorts with Audrey Jean and/or Honda of Brookhaven.  An agent unquestionably does owe a fiduciary relationship to its principal.  Therefore, because Honda Finance was the assignee of the rights possessed by Audrey Jean, a fact issue exists with regard to the breach of fiduciary duty claim.  Summary judgment must be denied as to this claim.

16

Regarding the negligence claim, the Court agrees with Plaintiff's argument that "[a] reasonable jury could conclude, under the facts set forth herein, that the Defendants failed to use reasonable care in the operation of [Honda of Brookhaven] which culminated in the damages sustained by [Honda Finance] in this case." Memorandum Brief in Opposition to Summary Judgment (docket entry no. 194), p. 20.  The negligence claim against Boyd survives summary judgment.

Honda Finance confesses that count seven, civil conspiracy, and count eight, equitable accounting, should be dismissed. Memorandum Brief in Opposition to Summary Judgment (docket entry no. 194), p. 20.  Summary Judgment will be granted as to these claims.

The Court finds that the remaining arguments asserted by Boyd for dismissal of the claims against him are either without merit, or are rendered moot because of the findings regarding standing rendered above.  In summary, as to Defendant Boyd, count three, fraud, count four, negligent misrepresentation, count seven, civil conspiracy and count eight, equitable accounting, are dismissed herewith.  Count one, breach of contract, count two, conversion, count five, breach of fiduciary duty and count six, negligence, will proceed to trial.

**B.   Defendants/Counter-Claimants' Motion for Summary Judgment, or, Alternatively, for Partial Summary Judgment**
$$\text{and}$$

**Defendants/Counter-Claimants' Request for Entry of Summary Judgment Pursuant to F.R.C.P. 56(e) for Plaintiff's Failure to Respond**

Defendants Salyer, Berry, Berry Chevrolet, Salyer Systems and Simplex filed their Motion for Summary Judgment on February 13, 2006.  Honda Finance did not file its Response in a timely manner, therefore on March 13, 2006, Defendants filed their Request for Entry of Summary Judgment for Plaintiff's Failure to Respond. Honda Finance filed a Response to the Motion for Summary Judgment on the same day.  The Court finds that Defendants were not prejudiced by Plaintiff's late response, thus the Request for Entry of Summary Judgment for Plaintiff's Failure to Respond must be denied.

With regard to the subject Motion for Summary Judgment, Salyer, Berry, Berry Chevrolet, Salyer Systems and Simplex assert essentially the same arguments that Boyd asserted in his Motion. The Court therefore finds that most of the rulings stated above in section III.A. of this Opinion apply to the claims against the instant Defendants.  The only difference is that the Court finds that the fraud claim under count three and the negligent misrepresentation claim under count four must proceed to trial as to Defendant Salyer.  Honda Finance has met its burden to show the existence of a genuine issue of material fact as to these claims against Salyer.

To summarize, as to Defendant Berry, and where applicable Defendants Berry Chevrolet, Salyer Systems and Simplex, count three, fraud, count four, negligent misrepresentation, count seven, civil conspiracy and count eight, equitable accounting, are dismissed herewith.  Count one, breach of contract, count two, conversion, count five, breach of fiduciary duty and count six, negligence, will proceed to trial.  Regarding Defendant Salyer, count seven, civil conspiracy and count eight, equitable accounting, are dismissed herewith.  Count one, breach of contract, count two, conversion, count three, fraud, count four, negligent misrepresentation, count five, breach of fiduciary duty and count six, negligence, will proceed to trial.

## IV.  Conclusion

Based on the holdings presented above, the following summary states the status of all of the claims of Honda Finance against the Defendants in this case:

- count one, breach of contract against Salyer, Berry and Boyd
  - » will proceed to trial
- count two, conversion against Salyer, Berry, Boyd, Danny Berry Chevrolet, Salyer Systems and Simplex
  - » will proceed to trial
- count three, fraudulent misrepresentation and suppression and/or omission of facts against Salyer, Berry and Boyd

19

> » dismissed as to Berry and Boyd; will proceed to trial against Salyer

- count four, negligent misrepresentation and/or omission of facts against Salyer, Berry and Boyd

> » dismissed as to Berry and Boyd; will proceed to trial against Salyer

- count five, breach of fiduciary duty against Salyer, Berry and Boyd

> » will proceed to trial

- count six, negligence against Salyer, Berry and Boyd

> » will proceed to trial

- count seven, civil conspiracy against Salyer, Berry, Boyd Danny Berry Chevrolet, Salyer Systems and Simplex

> » dismissed

- count eight, equitable accounting against Salyer, Berry, Boyd, Danny Berry Chevrolet, Salyer Systems and Simplex

> » dismissed

IT IS THEREFORE ORDERED that the Motion of Defendant Eric K. Boyd to Dismiss for Failure to State a Claim Upon Which Relief May be Granted or in the Alternative for Summary Judgment (docket entry no. 183) is hereby granted in part and is hereby denied in part in accordance with the holdings presented above.

IT IS FURTHER ORDERED that Defendants/Counter-Claimants' Motion for Summary Judgment, or, Alternatively, for Partial Summary

Judgment (docket entry no. 186) is hereby granted in part and is hereby denied in part in accordance with the holdings presented above.

IT IS FURTHER ORDERED that Defendants/Counter-Claimants' Request for Entry of Summary Judgment Pursuant to F.R.C.P. 56(e) for Plaintiff's Failure to Respond (docket entry no. 190) is hereby denied.

SO ORDERED this the 7th day of April, 2006.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE

tct