```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**AMERICAN HONDA FINANCE CORPORATION**                    **PLAINTIFF/**
                                                  **COUNTER-DEFENDANT**

VS.                          CIVIL ACTION NO. 3:03CV651-WHB-JCS

**JOHN RICKY SALYER, ERIC K. BOYD,**
**DANNY T. BERRY, DANNY BERRY CHEVROLET**
**OLDSMOBILE BUICK PONTIAC GMC TRUCK, INC.,**
**SALYER SYSTEMS, INC., SIMPLEX AUTO GROUP,**
**INC., AND JOHN DOES 1 - 10**                              **DEFENDANTS/**
                                                   **COUNTER-CLAIMANTS/**
                                                **THIRD-PARTY PLAINTIFFS**

VS.

**WILLIAM S. CROZIER, AUDREY JEAN, INC.,**
**AND CROZIER ENTERPRISES, LLC**               **THIRD-PARTY DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1) Plaintiff's Motion *in Limine* (filed March 27, 2006, under docket entry no. 205);

2) Third-Party Defendants' Motion to Allow Counsel to Participate in Trial (filed April 13, 2006, under docket entry no. 219); and

3) Defendants' Motion for Extension of Time to Submit Joint Pretrial Order (filed April 17, 2006, under docket entry no. 221).

Having considered the Motions, Responses and Rebuttals, as well as supporting and opposing authority, the Court finds that:

1)  Plaintiff's Motion *in Limine* is not well taken and should be denied;

2)  Third-Party Defendants' Motion to Allow Counsel to Participate in Trial is not well taken and should be denied under the constraints set forth below; and

3)  Defendants' Motion for Extension of Time to Submit Joint Pretrial Order is well taken and should be granted.

**(1)  Motion *in Limine***

Through the Motion *in Limine*, Plaintiff seeks to preclude the admission of any evidence which pertains to, or any reference to events which occurred prior to July 17, 2000, and after mid-October 2000.  Plaintiff contends that any events which occurred before July 17 or after mid-October are not relevant to the claims in this case.  Although Plaintiff may be correct in that such events do not relate to the <u>claims</u> in the case, Defendants correctly point out that the events may well be relevant to <u>*defenses to the claims*</u>, and/or to the <u>counter-claims</u> asserted against Plaintiff by Defendants.  Accordingly, the Motion *in Limine* must be denied.

**(2)  Motion to Allow Counsel to Participate in Trial**

Craig Geno of the law firm Harris & Geno, PLLC represents the Third-Party Defendants in this cause.  Also, Geno has been named by Defendants as a potential witness in the trial of this case.  Under the Local Rules of this Court and the Mississippi Rules of Professional Conduct, this combination of situations probably

renders Geno ineligible to represent Third-Party Defendants in the subject trial.

As recognized by Third-Party Defendants in their attempt to address this potential problem, the conflict can be resolved by severing the third-party claims in this case from the claims and the counter-claims, as allowed by Rule 20(b) of the Federal Rules of Civil Procedure.  This solution is particularly appropriate in this case because the success of Defendants' third-party claims against the Third-Party Defendants is contingent, at least in part, on the success of Plaintiff's claims against Defendants.  That is, if Plaintiff does not succeed on its claims against Defendants at trial, then the third-party claims asserted by Defendants against the Third-Party Defendants may be moot.

For the above reasons, the Motion to Allow Counsel to Participate at Trial must be denied.  However, the third-party claims will be severed from the claims and counter-claims in this case.  The trial of Plaintiff's claims and Defendants' counter-claims will proceed to trial on Monday, April 24, 2006, as scheduled.  After the completion of that trial, the posture of the third-party claims will be established by the Court, with input from the parties.  Further, if the situation so requires, a determination will be made as to whether Geno is eligible to represent the Third-Party Defendants at the trial of the third-party claims.

**3)   Motion for Extension of Time to Submit Joint Pretrial Order**

Defendants seek until Thursday, April 20, 2006, to submit the Pretrial Order in this case.  The Motion is unopposed.  The Court finds that the Motion is well taken and should be granted.

**4)   Conclusion**

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion *in Limine* (docket entry no. 205) is hereby denied.

IT IS FURTHER ORDERED that Third Party Defendants' Motion to Allow Counsel to Participate in Trial (docket entry no. 219) is hereby denied.

IT IS FURTHER ORDERED that the third-party claims are hereby severed from the claims and counter-claims in this case.  The trial of Plaintiff's claims and Defendants' counter-claims will proceed to trial on Monday, April 24, 2006.  After the completion of that trial, the posture of the third-party claims will be established.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time to Submit Joint Pretrial Order (docket entry no. 221) is hereby granted.  The Joint Pretrial Order is due to the Court on Thursday, April 20, 206.

SO ORDERED this the 18th day of April, 2006.

                                  s/ William H. Barbour, Jr.
                                  UNITED STATES DISTRICT JUDGE

tct