```
            UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**AMERICAN HONDA FINANCE CORPORATION**                         **PLAINTIFF/**
                                                    **COUNTER-DEFENDANT**

**VS.**                              **CIVIL ACTION NO. 3:03cv651-WHB-JCS**

**JOHN RICKY SALYER, ET AL.**        **DEFENDANTS/COUNTER-CLAIMANTS**
                                          **THIRD PARTY PLAINTIFFS**

**VS.**

**WILLIAM S. CROZIER, ET AL.**                 **THIRD PARTY DEFENDANTS**

### ORDER

This cause is before the Court on the Motion of American Honda Finance Corporation to Quash, and Objection of C. Michael Ellingburg to Subpoena Issued in Civil Case. The Court finds that the Motion/Objection should be granted.

C. Michael Ellingburg ("Ellingburg") is trial counsel for Plaintiff. On April 12, 2006, counsel for Defendant Eric Boyd served Ellingburg with a subpoena ordering him to produce the following documents at trial:

> Any and all documents related to the lawsuit filed by American Honda Finance Corporation against State Bank & Trust Company ... includ[ing] all pleadings, releases, cancelled checks and any other documentation reflecting the litigation, the negotiations, the settlement and the exact money paid by State Bank & Trust Company to American Honda Finance Corporation.

> Any and all documents reflecting any and all payments made by American Honda Finance Corporation and/or Daniel Coker Horton & Bell to Craig Geno, Esquire and/or any other firm with which it was affiliated for Mr. Geno's representation of Audrey Jean, Inc., William S. Cozier, Honda of Brookhaven, American Honda Finance Corporation, or any other person or entity that was or is affiliated with the Honda of Brookhaven, Mississippi franchise.

On April 25, 2006, Ellingburg's objection to the subpoena was denied as moot on the basis that the trial had been continued to the September calendar of the Court. Thereafter, the trial subpoenas were continued to the September 11, 2006, trial. Ellingburg has now renewed his objection to the subpoena, and American Honda Finance Corporation seeks to quash same.

Under Rule 45 of the Federal Rules of Civil Procedure, the Court, upon timely motion, may quash or modify a subpoena in the event it fails to provide reasonable time for compliance, would require the disclosure of privileged or otherwise protected materials, or subjects a person to undue burden. FED. R. CIV. P. 45(A)(i), (iii) and (iv). The Court finds, as the subject subpoena was continued on August 11, 2006, approximately one month before the motion to quash/objection was filed, Ellingburg has had more than adequate time to gather the requested documents and be prepared to deliver them to the courthouse on the first day of trial. It is apparent, however, that compliance with the trial subpoena would require Ellingburg to produce privileged documents.

Additionally, it does not appear that Boyd attempted to obtain the documents he now seeks during pre-trial discovery.  Had he so done, the Court would have had sufficient time to consider the issues of privilege and work product protection.

The Court finds that neither Boyd nor Ellingburg have been particularly diligent with regard to seeking production or quashing production of the documents identified in the trial subpoena.  The Court, however, after considering the principles of judicial economy, finds that the subpoena should be quashed.  First, while subpoenas can be used to compel the production of documents at trial, they cannot be used "as a means to engage in further discovery.").  BASF Corp. v. Old World Trading Co., No. 86 C 5602, 1992 WL 24076, at *2 (N.D. Ill. Feb 4, 1992).  See also United States v. Watchmakers of Switzerland Info. Ctr. Inc., 27 F.R.D. 513 (S.D.N.Y. 1961) (quashing trial subpoena, in part, on the basis that the party seeking production knew of the existence of the documents and could have discovered same through pretrial discovery); Pitter v. American Express Co., No. 82 Civ. 7451, 1984 WL 1272, at * 6 (S.D.N.Y. Nov. 27, 1984) (finding that "shotgun" production demands at trial "are an impermissible substitute for orderly discovery.").  Second, if the Court were to enforce the subpoena, the trial of this case would have to be delayed to provide the Court time to consider the issues of privilege that will inevitably be raised.  As explained by one court:

> Had the Court undertaken to enforce this
> subpoena, the trial would have been
> substantially delayed.... The [parties] would
> have a right to examine and be heard as to the
> materiality of the information submitted in
> response to said subpoena.... That demand
> would inevitably involve the Court and counsel
> in the sensitive and uncertain area of the
> privilege against disclosure....

See Pitter, 1984 WL at* 6.  Accordingly, the Court will grant the Motion to Quash.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of American Honda Finance Corporation to Quash, and Objection of C. Michael Ellingburg to Subpoena Issued in Civil Case [Docket No. 252] is hereby granted.

SO ORDERED this the 8th day of September, 2006.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

4