```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**AMERICAN HONDA FINANCE CORPORATION**                          PLAINTIFF/
                                                        COUNTER-DEFENDANT

VS.                                    CIVIL ACTION NO. 3:03-cv-651-WHB-LRA

**JOHN RICKY SALYER, ERIC K. BOYD,
DANNY T. BERRY, DANNY BERRY CHEVROLET
OLDSMOBILE BUICK PONTIAC GMC TRUCK, INC.,
SALYER SYSTEMS, INC., SIMPLEX AUTO GROUP,
INC., AND JOHN DOES 1 – 10**                             DEFENDANTS/
                                                      COUNTER-CLAIMANTS/
                                                  THIRD-PARTY PLAINTIFFS

VS.

**WILLIAM S. CROZIER, AUDREY JEAN, INC.,
AND CROZIER ENTERPRISES, LLC**                      THIRD-PARTY DEFENDANTS

## OPINION AND ORDER

This cause is before the Court on two competing motions. Through the first motion, Defendants seek to enjoin civil litigation in this case based on the bankruptcy petitions filed by Danny T. Berry, Danny Berry Chevrolet Oldsmobile Buick-Pontiac-GMC Trucks, Inc., Salyer Systems, Inc., and Simplex Auto Group, Inc. Through the second motion, Plaintiff requests that the Debtor and Non-debtor Defendants be severed, and that the case proceed to trial against the latter.[1] Defendant Eric K. Boyd ("Boyd") has

---

[1] For the purpose of this Opinion and Order, Defendants Danny T. Berry, Danny Berry Chevrolet Oldsmobile Buick-Pontiac-GMC Trucks, Inc., Salyer Systems, Inc., and Simplex Auto Group, Inc., will be referred to collectively as the "Debtor Defendants". Defendants John Ricky Salyer and Eric Boyd will be referred to collectively as the "Non-debtor Defendants".

joined in both the Motion to Enjoin Proceedings and the Response to the Motion to Sever.

The Court has considered the Motions, Responses, Rebuttals, their attachments, as well as supporting and opposing authority and finds that the Motion to Enjoin Proceedings should be granted in part and denied in part, and that the Motion of Plaintiff to Sever is well taken and should be granted.

### I.   Factual Background and Procedural History

The record shows that the trial of the above referenced case was scheduled to begin on September 12, 2006.  During a telephonic conference on Monday, September 11, 2006, counsel for John Ricky Salyer ("Salyer") and the Debtor Defendants advised the Court and counsel for Plaintiff that all of his clients would be filing petitions for relief in the bankruptcy court.  Although there is some dispute regarding the issues discussed during the conference, it is agreed that the trial was continued without objection.

Between September 11 and 12, 2006, each of the Debtor Defendants filed separate petitions under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Mississippi.  To date, and contrary to the

representations made during the telephonic conference, Salyer has not filed any petition for bankruptcy.[2]

The issue before the Court is whether to stay litigation in the above referenced civil action based on the bankruptcy petitions filed by the Debtor Defendants.

## II.  Legal Analysis

The Motion to Enjoin Proceedings was filed by both the Debtor and Non-debtor Defendants.  As regards the Debtor Defendants, the law expressly provides that the filing of a petition for bankruptcy automatically stays judicial proceedings against the debtor.  See 11 U.S.C. § 362(a)(1) (providing, in relevant part: "[A] petition filed under ... this title ... operates as a stay, applicable to all entities, of (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ..."); Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001) (finding that under 11 U.S.C. § 362, "[v]irtually any act attempting to enforce a judgment

---

[2] Counsel's representations that Salyer would be filing a petition in the bankruptcy court were based on correspondences he received from the attorney retained by Salyer for that purpose. The initial delay in Salyer's seeking relief in the bankruptcy court allegedly resulted because his attorney needed additional information and time to prepare a petition for reorganization under Chapter 11 of the Bankruptcy Code.  The extended delay in filing a petition in the bankruptcy court has not been explained.

against or obtain property from the estate of the debtor is stayed once the title 11 proceedings are commenced."). Accordingly, the Court finds that this case must be stayed against the Debtor Defendants pursuant to 11 U.S.C. § 362(a)(1), and that the Motion to Enjoin Proceedings, to the extent it was filed by or on behalf of the Debtor Defendants, should be granted.

As regards the Non-debtor Defendants, the United States Court of Appeals for the Fifth Circuit has found: "By its terms the automatic stay [provided by Section 362] applies only to the debtor, not to co-debtors ... nor to co-tortfeasors." Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003) (quoting GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985)). See also Wedgeworth v. Fireboard Corp., 706 F.2d 541, 544 (5th Cir. 1983) (concluding that Section 362 "does not operate as an automatic stay of claims against the co-defendants" of a debtor). Thus, as a general rule, "Section 362 is rarely ... a valid basis on which to stay actions against non-debtors." Reliant Energy, 349 F.3d at 825 (quoting Arnold, 278 F.3d at 436) (alterations in original).

The Fifth Circuit has recognized the following exception to the general rule:

> [A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'

4

Reliant Energy, 349 F.3d at 825 (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). By way of illustration, the court in A.H. Robins found that an "identity of interest" sufficient to extend the automatic stay provision of 11 U.S.C. § 362 to include a non-debtor co-defendant could arise in cases in which the co-defendant was entitled to absolute indemnity from the debtor on account of a monetary judgment. A.H. Robins, 788 F.2d at 999. Similarly, the Fifth Circuit has found that the "identity of interest" exception does not apply if there is "no claim of a formal tie or contractual indemnification ... between the debtor and nondebtor." Reliant Energy, 349 F.3d at 825 (citing Garlock, 278 F.3d at 436).

In the case *sub judice*, there is no evidence of a formal tie or contractual indemnification agreement between the Non-debtor Defendants and the Debtor-Defendants that would render the latter liable for any judgment obtained against the former at trial. Instead, the Non-debtor Defendants argue that litigation as to them should be stayed based on the alleged existence of a joint venture among the defendants. In support of this argument, the Non-debtor Defendants cite to Trimec, Inc. v. Zale Corp., 150 B.R. 685 (N.D. Ill. 1993), a case in which the automatic stay of Section 362 was extended to include non-debtor members of a joint venture. In Trimec, however, in addition to the existence of a joint venture among the parties, the debtor defendant was the guarantor for one of the non-debtor members of the joint venture, and had agreed to

5

indemnify the other members in that venture.  Id. at 687.  Based on the guarantor/indemnification duties assumed by the debtor defendant, the Trimec court found that a judgment against the non-debtor parties "would serve as a judgment against [the debtor], thus improperly defeating the purpose of the automatic stay invoked in [the debtor's] bankruptcy proceeding."  Id.

The Court finds that the decision in Trimec is consistent with Fifth Circuit precedent that allows a court to extend the automatic stay provision of 11 U.S.C. § 362 by applying the "identity of interest" exception in cases in which a contractual indemnification agreement exists between a debtor and non-debtor defendant.  As there has been no showing of a formal tie or contractual duty to indemnify between the Debtor Defendants and the Non-debtor Defendants in this case, the Court finds there is no basis for enjoining litigation against the Non-debtor Defendants under either Trimec or Fifth Circuit precedent.[3]  Additionally, as there is no basis for enjoining litigation against the Non-debtors Defendants, the Court finds that the defendants should severed under Rule 21 of

---

[3] The Court likewise finds that a stay is not required based on the Non-debtor Defendants' argument that a joint venture is treated as a partnership.  See Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (finding that a Section 362 stay does not extend "to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation.") (quoting 2 COLLIER ON BANKRUPTCY ¶ 362.05 (15 ed. 1993)).

6

the Federal Rules of Civil Procedure, and that the case should proceed to trial as against the Non-debtor Defendants.[4]

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Enjoin Proceedings [Docket No. 261] is hereby granted in part, and denied in part.  Proceedings in this Court are stayed as to Defendants Danny T. Berry, Danny Berry Chevrolet Oldsmobile Buick-Pontiac-GMC Trucks, Inc., Salyer Systems, Inc., and Simplex Auto Group, Inc.  Proceedings in this Court are not stayed as to Defendants John Ricky Salyer and Eric K. Boyd.

IT IS FURTHER ORDERED that the Motion of Plaintiff to Sever and Request to Re-set Case for Trial [Docket No. 273] is hereby granted.  The claims against Defendants John Ricky Salyer and Eric K. Boyd are hereby severed from the claims against the Debtor Defendants under Rule 21 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the above referenced case will proceed to trial against Defendants John Ricky Salyer and Eric K. Boyd.  A Pre-trial Conference shall be scheduled for June 8, 2007,

---

[4] Rule 21 provides, in relevant part: "Any claim against a party may be severed and proceeded with separately."  Under this Rule, trial courts have "broad discretion to sever issues to be tried before it."  Brunet v. United Gas Pipeline, Inc., 15 F.3d 500, 505 (5th Cir. 1994).

and trial shall be scheduled during the July 2007, calendar of this Court that will begin on July 2, 2007.

SO ORDERED this the 18th day of April, 2007.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE